Little Rock Wastewater Employees c/o Lynn Luther, SPHR, IPMA-CP Human Resources Administrator Little Rock Wastewater 1001 Temple Little Rock, Arkansas 72202
Dear Ms. Luther:
I am writing in response to several requests for opinions regarding application of the Arkansas Freedom of Information Act ("FOIA"), A.C.A. §§ 25-19-101 to-110 (Repl. 2002 and Supp. 2009). These requests have been submitted pursuant to A.C.A. § 25-19-105(c)(3)(B), which authorizes the custodian, requestor, or subject of personnel or evaluation records to seek an opinion from the Attorney General as to whether the custodian's determination regarding the release of the requested records is consistent with the FOIA.
The instant request from Leslie Peacock with the ARKANSAS TIMES states that the TIMES is compiling a database of all employees of the city and its semi-autonomous commissions and asks for the name, title, department, agency, salary/wage, gender, hire date, employment status (full time, part time or temporary) and pay basis (hourly or salaried) on each Little Rock Wastewater employee.
Your letters variously state that you are opposed to the release of what you refer to as your "personal information." You express concern about the database being compiled by the ARKANSAS TIMES, and you ask why this information is being requested. You posit that such aggregate information may be used for identity theft purposes, though you have provided no further support for this proposition. Further, you object to the release of your name and gender. *Page 2 
It is my understanding that the records custodian at Little Rock Wastewater intends to release the requested information.
RESPONSE
My statutory duty under A.C.A. § 25-19-105(c)(3)(B) is to determine whether a custodian's decision regarding the disclosure of certain employee-related documents is consistent with the FOIA. In the present case, the custodian has determined that the requested records are personnel records and should be released. In my opinion the custodian's decision is consistent with the FOIA.
DISCUSSION
The FOIA provides for the disclosure, upon request, of certain "public records," which the Arkansas Code defines as follows:
 "Public records" means writings, recorded sounds, films, tapes, electronic or computer-based information, or data compilations in any medium, required by law to be kept or otherwise kept, and which constitute a record of the performance or lack of performance of official functions which are or should be carried out by a public official or employee, a governmental agency, or any other agency wholly or partially supported by public funds or expending public funds. All records maintained in public offices or by public employees within the scope of their employment shall be presumed to be public records.[1]
In this case, given that the subjects of the request are public employees, documents containing the requested information clearly qualify as "public records" under this definition. As one of my predecessors noted: "If records fit within the definition of `public records' . . . they are open to public inspection and copying under the FOIA except to the extent they are covered by a specific exemption in that Act or some other pertinent law."[2] *Page 3 
The relevant exemption in this case is the one for "personnel records."[3] This office has previously opined that "records relating to [an employee's] hiring date and salary information are clearly `personnel records' for purposes of the FOIA."[4]
Additionally, as a general rule the name of a public employee, like salary information, is contained in records that are properly classified as "personnel records."[5]
"Personnel records" are open to public inspection and copying under the FOIA, except "to the extent that disclosure would constitute a clearly unwarranted invasion of personal privacy."[6]
The FOIA does not define the phrase "clearly unwarranted invasion of personal privacy." But the Arkansas Supreme Court has construed the phrase and adopted a balancing test to determine if it applies. That test requires that one weigh the public's interest in accessing the records against the individual's interest in keeping the records private.[7] If the public's interest outweighs the individual's interest, the custodian must disclose the personnel records. As the court noted in Young:
 The fact that section 25-19-105(b)(10) [now subsection 105(b)(12)] exempts disclosure of personnel records only when a clearly unwarranted personal privacy invasion would result, indicates that certain "warranted" privacy invasions will be tolerated. Thus, section 25-19-105(b)(10) requires that the public's right to knowledge of the records be weighed against an individual's right to privacy. . . . Because section 25-19-105(b)(10) allows warranted invasions of privacy, it follows that when the public's interest is *Page 4 
substantial, it will usually outweigh any individual privacy interests and disclosure will be favored.[8]
In contrast, as the court noted in Stilley v. McBride, when there is "little relevant public interest" in disclosure, "it is sufficient under the circumstances to observe that the employees' privacy interest in nondisclosure is not insubstantial."[9] Given that exemptions from disclosure must be narrowly construed, it is the burden of an individual resisting disclosure to establish that his privacy interests outweighed that of the public's under the circumstances presented.[10] Further, the requestor's motive in seeking the documents is usually irrelevant to whether the document should be disclosed.[11]
At issue, then, is whether disclosing documents that record an employee's name, title, department, agency, salary, hire date, employment status (whether full time, part time or temporary), or pay basis (hourly or salaried) would amount to a "clearly unwarranted invasion of personal privacy" under this balancing test. In my opinion, it would not. Numerous opinions of this office support the conclusion that the public interest in this type of basic employment information is substantial and any potential privacy interest does not outweigh it.[12] It must also be noted, *Page 5 
consistent with previous opinions of this office, that the custodian's decision to release the "gender" of the affected employees is consistent with the FOIA.[13]
Several of the employees who have objected to disclosure have expressed concern about the potential uses to which the documents may be put after they are disclosed. This office has consistently opined, however, that a person's motive or reason for requesting records pursuant to the FOIA is irrelevant.[14] If the record is a "public record" under the FOIA and is subject to no exception, it must be released to members of the public without regard to their motive for seeking access to the record or the use to which it may be put.
It is therefore my opinion that the public interest prevails with respect to this basic employment information, and that the custodian's decision to release a record listing employees' names, job titles, departments, agencies, salaries/wages, gender, hire dates, employment status and pay basis is consistent with the FOIA.
Deputy Attorney General Elisabeth A. Walker prepared the foregoing opinion, which I hereby approve.
Sincerely,
DUSTIN McDANIEL Attorney General
DM:EAW/cyh
[1] A.C.A. § 25-19-103(5)(A) (Supp. 2009).
[2] Op. Att'y Gen. 99-305.
[3] A.C.A. § 25-19-105(b)(12) (Supp. 2009).
[4] Op. Att'y Gen. 2004-320.
[5] Op. Att'y Gen. Nos. 2005-074 and 2003-095, and opinions cited therein.
[6] A.C.A. § 25-19-105(b)(12) (Supp. 2009).
[7] Young v. Rice, 308 Ark. 593, 826 S.W.2d 252 (1992).
[8] Id. at 598.
[9] 332 Ark. 306, 312, 965 S.W.2d 125 (1998).
[10] Id. at 313.
[11] See, e.g., Op. Att'y Gen. 2010-148.
[12] E.g., Op. Att'y Gen. 2008-050, citing Op. Att'y Gen. Nos. 2007-001, 2005-194, 2005-057, 2004-225, and 2002-087;see also Op. Att'y Gen. 2005-074 (citing several opinions to the effect that the names of public employees are generally subject to disclosure, including Op. Att'y Gen. 90-335 ("[t]he `public' is the employer of these individuals, and pays their salaries [and] [i]t is not unreasonable to expect that an employer would have an interest in knowing whom it employs[;]") and Op. Att'y Gen. 95-220 ("[c]ourts have found relatively little privacy interest in records revealing names of public employees.")); Op. Att'y Gen. 2003-298 ("[T]he public interest in obtaining salary information relating to public employees, including the identity of particular employees, outweighs the employees' privacy interests."); 98-126 ([S]alary information is clearly subject to disclosure, as such information does not constitute a "clearly unwarranted invasion of personal privacy[,]" citing Op. Att'y Gen. Nos. 96-205, 95-242, 95-070, and 94-198).
[13] See Op. Att'y Gen. 2005-100 ("This office has previously opined that an employee's race, gender, date of hire and job title are disclosable under the FOIA. See, e.g., Op. Att'y Gen. Nos. 1999-305 and 91-351. Records containing this information generally constitute `personnel records' that are open to public inspection and copying.") (Emphasis added.)
[14] See Op. Att'y Gen. 92-289; J. Watkins J. Peltz, THE ARKANSAS FREEDOM OF INFORMATION ACT 140 (Arkansas Law Press 2009, 5th Ed.)